UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE

BRAD REED, Personal Representative }
of the Estate of Eddie L. Shipley, Deceased }
and Personal Representative of the Estate }
of Elizabeth Jane Shipley, Deceased, } No. _____
}
v. }
}
STONINGTON INSURANCE COMPANY }

## **C O M P L A I N T**

The plaintiff sues the defendant, and for cause of action allege:

1. The plaintiff is a citizen and resident of Greene County, Tennessee. The defendant is a foreign corporation, organized under the laws of the State of Texas. It is not incorporated in nor does it have a principal place of business in the State of Tennessee. It does business in the state of Tennessee.

2. The suit is between citizens of different states. The amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. The Court has jurisdiction of this matter pursuant to 28 U.S.C. §1332.

3. The defendant issued a policy of insurance effective from November 13, 2008 through November 13, 2009, insuring "Shipley Auto Body Edward Shipley d/b/a". A copy of the policy of insurance is attached as Exhibit "A" to this Complaint. The person referred to in the policy as "Edward Shipley" is Eddie L. Shipley, who did business as Shipley Auto Body, which was a sole proprietorship.

4. On January 27, 2009, a fire occurred on the insured premises, causing direct physical loss and damage to both the real property and personal property that belonged to Eddie L. Shipley and

Jane M. Shipley, and was insured against such loss by the above-mentioned insurance policy.

5. Eddie L. Shipley died April 30, 2009. On May 11, 2009, the Probate Court for Greene County, Tennessee appointed Jane M. Shipley as his Personal Representative.

6. On May 12, 2009, Jane M. Shipley mailed a sworn Proof of Loss to the defendant insurance company, on a form provided by the defendant, providing it with all of the information the defendant-company requested. A copy of the Proof of Loss is attached as "Exhibit B" to this Complaint.

7. Notwithstanding the fact that Jane M. Shipley had provided the defendant insurance company all of the information it has previously requested, the defendant-company requested additional information which was provided to it by Jane M. Shipley by of a Supplemental Sworn Statement in Proof of Loss and attachments, which were mailed to the defendant-company on July 30, 2009. Copies of those documents are attached as Exhibit "C" to this Complaint.

8. The defendant-company accepted liability under the policy for damage caused by the fire, and paid the claim for personal property or contents loss.

9. The defendant insurance company has never accepted or denied its obligation for the amount claimed for damage to the insured real property but is stating that it is ". . . currently reviewing that aspect of the claim and will respond to your claim upon completion of our review." This review has been going on for many months.

10. Jane M. Shipley died July 28, 2010. The Probate Court for Greene County, Tennessee has appointed the plaintiff Personal Representative of the Estate of Elizabeth Jane Shipley, the same person as Jane M. Shipley, and as the successor Personal Representative of the Estate of Eddie L. Shipley. He has the right and duty to maintain this suit in his representative capacity.

11. The plaintiff is not obligated to wait indefinitely for the defendant to review the real property "aspect of the claim", and entitled to recover of the defendant that portion of the damage to the insured real estate covered by the subject policy. The damage to the real estate was $309,300.00. The defendant insurance company's policy insured 80 percent of that loss or $247,440.00, less $1,000.00 deductible. The plaintiff is entitled to $246,440.00 for damage to the real estate from the defendant insurance company, under the terms of the policy described above.

12. The defendant did not pay the subject claim within 60 days after demand was made for payment and the defendant's failure to pay was not in good faith. Thus, the plaintiff is entitled to recover on additional amount as penalty up to 25 percent of liability, pursuant to Tennessee Code Annotated §56-7-105.

WHEREFORE, plaintiff sues the defendant for the sum of $246,440.00 plus whatever amount is appropriate as penalty and demands a jury to try the case.

        *s/G. P. Gaby*
G. P. GABY, BPR #001388
MILLIGAN & COLEMAN
230 West Depot Street
P. O. Box 1060
Greeneville, TN 37744-1060
(423) 639-6811


        *s/K. Kidwell King*
K. KIDWELL KING, BPR #004748
KING & KING
125 South Main Street
Greeneville, TN 37743
(423) 639-6881

Attorneys for Brad Reed, etc., Plaintiff